UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIEL RAMON MESA RODRIGUEZ,
by  Next  Friend  Arletty
Pinero,

        Petitioner,

v.                                    Case No. 2:26-cv-648-JES-NPM

KROME NORTH SERVICE
PROCESSING CENTER, et al.,

        Respondents.
_____/

## OPINION AND ORDER

Before the Court is a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Arletty Pinero.  (Doc. 1).  She files the petition on behalf of her husband, Adriel Ramon Mesa Rodriguez, who is currently detained by Immigration and Customs Enforcement at Krome North SPC in Miami, Florida.  (Id.).[1]  Mrs. Pinero alleges that her husband has serious medical issues and should be released from custody to seek treatment.  (Doc. 1; Doc. 34).  The Court has notified officials at Krome of Mesa Rodriguez's condition.  (Doc. 45).

An "[a]pplication for a writ of habeas corpus shall be in

---

[1] See https://locator.ice.gov.  Mesa Rodriguez was held at Florida Soft Side South Detention Facility (Alligator Alcatraz) when Mrs. Pinero filed the original petition in the Southern District of Florida.  Accordingly, the Southern District Court transferred the petition to the Middle District.  (Doc. 38).

writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself.  See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990).  But "'[n]ext friend' standing is by no means granted automatically[.]" Id. at 163.  To demonstrate that "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts and (2) show she is "truly dedicated to the interests" of the real party.  Id.

Mrs. Pinero has not met this standard.  There is no allegation that Mesa Rodriguez is mentally incompetent or has been denied access to the courts.  Because she does not demonstrate the propriety of "next friend" status, she does not have standing to initiate this action on Mesa Rodriguez's behalf.  See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.").

In addition, while Rule 17(c) of the Civil Rules of Civil Procedure provides for certain representatives to sue on behalf of another, it does not confer on those representatives a right to

act as legal counsel for somebody else.  Mrs. Pinero does not claim to be a lawyer, and she cannot represent her husband in this action.  See Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (noting that although 28 U.S.C. § 1654 allows parties to conduct their own cases personally, that right "does not extend to the representation of the interests of others").

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

3.   The Clerk shall also mail Adriel Ramon Mesa Rodriguez at Krome Detention Facility in Miami, Florida a copy of this Order and a 28 U.S.C. § 2241 petition for writ of habeas form (AO 242).[2]

**DONE AND ORDERED** in Fort Myers, Florida on March 26, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] If Mesa Rodriguez refiles his petition, he must file it in the District Court with jurisdiction over the facility at which he is detained at the time of filing.  Krome is in the Southern District of Florida.  Moreover, he should be aware that release from custody for unconstitutional conditions of confinement is not generally a possible remedy for a prison conditions claim. Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991) (holding that "[r]elease from confinement is not a possible remedy" for a prison conditions claim).

```
Copies:    Adriel Ramon Mesa Rodriguez, Arletty Pinero
Encl:      Form AO 242-28 U.S.C. § 2241 form
```

4